IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SHOSHANA TRUST, ET AL., | § | |
| | § | |
| *Appellants*, | § | |
| v. | § | No. MO-11-CV-043-RAJ |
| | § | |
| MICHAEL RALEIGH, ET AL., | § | |
| | § | |
| *Appellees*. | § | |

### APPELLEE CHARLES A. BECKHAM, JR.'S MOTION TO DISMISS APPEALS FROM BANKRUPTCY COURT ORDERS # 58, 71-76, AND 78

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Appellants appeal from sixteen separate bankruptcy court orders entered in an adversary proceeding related to the Lothian Oil bankruptcy.[1]  Appellee Charles A. Beckham, Jr., counsel for the Lothian Oil debtors and a defendant in the underlying adversary proceeding, files this motion to dismiss the appeals from eight of those orders, including:

- the bankruptcy court order dismissing with prejudice all of Appellants' claims against Beckham, which was entered more than fourteen days before Appellants filed their notice of appeal; and

- seven separate interlocutory orders denying Appellants' requests for abstention, recusal, and a restraining order.

---

[1]  The bankruptcy court entered the challenged orders in adversary proceeding No. 10-7011-RBK (W.D. Tex.) (the "Adversary Proceeding").  The Adversary Proceeding relates to the Lothian Oil debtors' Chapter 11 cases that are jointly administered under Bankruptcy Case No. 07-70121-RBK (W.D. Tex.).  Documents designated in Appellants' Designation of Documents to be Considered on Appeal will be referenced as AP:[Tab] (Dkt #___), with the parenthetical representing the docket number in the Adversary Proceeding.  Documents designated in the Belridge Defendants' Cross-Designation of Items to be Included in the Record on Appeal will be referenced as B:[Tab] (Dkt #___), with the parenthetical representing the docket number in the Adversary Proceeding.

Because the Court lacks jurisdiction over the appeals from each of these orders, it should dismiss the appeal from each order.

### ARGUMENT

Appellants' notice of appeal (the "Notice of Appeal")[2] complains of fifteen bankruptcy court orders. Among these orders is the Order Granting Defendant Charles A. Beckham's Motion to Dismiss All Claims in Plaintiffs' Verified Amended Complaint (the "Beckham Dismissal Order"). AP:2 (Dkt. # 58). Also included in the Notice of Appeal are seven interlocutory orders denying Appellants' numerous and convoluted motions for mandatory abstention, recusal, and an order restraining the further expenditure of estate assets (the "Interlocutory Orders"). AP:8-13 (Dkt. # 71-76); AP:15 (Dkt. # 78). As set forth below, this Court lacks jurisdiction over the appeals from the Beckham Dismissal Order and each of the Interlocutory Orders.[3]

**A.     Appellants did not timely appeal the Beckham Dismissal Order.**

The bankruptcy court entered the Beckham Dismissal Order on February 10, 2011.[4] Appellants filed their Notice of Appeal on February 28, 2011. The appeal was untimely. Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." The deadline for filing an appeal from the Beckham Dismissal Order was February 24, 2011. Because Appellants missed this deadline, this Court lacks appellate

---

[2] The Notice of Appeal is docket number 1-1 in this proceeding. Each of the challenged orders is attached to the Notice of Appeal. Appellants filed an Amended Notice of Appeal, docket number 1-2 in this proceeding, on April 15, 2011. The Amended Notice of Appeal designates an additional bankruptcy court order for consideration in this appeal. This additional order concerns another defendant in the underlying lawsuit and is not addressed in this Motion to Dismiss.

[3] Other orders referenced in the Notice of Appeal relate to other parties and may be the subject of separate motions to dismiss by those parties.

[4] The Beckham Dismissal Order is a final judgment pursuant Federal Rule of Civil Procedure 54(b), as incorporated in to Federal Rule of Bankruptcy Procedure 7054. AP:2 at 2 (Dkt. # 58).

jurisdiction over the Beckham Dismissal Order and Appellants' appeal from the Beckham Dismissal Order should be dismissed.  See FED. R. BANKR. P. 8001(a); *In re CPDC, Inc.*, 221 F.3d 693, 698-99 (5th Cir. 2000).

**B.     Appellants did not seek leave to appeal the Interlocutory Orders.**

The Interlocutory Orders address three "motions" that Appellants filed in the Adversary Proceeding:

1. Plaintiffs [sic] Reply and Joinder in Motion to Dismiss Any Claims that May be Derivitive [sic] Claims of Shareholders or the Debtors Against Blackhill Partners LLC, James Latimer III, Mark Lipscomb and Charles Beckham and Cross Motion to Mandatorily Abstain from Remainder of New York State Actions for Lack of Jurisdiction and for recusal by Judge Ronald King, filed January 6, 2011 (AP:20-21 (Dkt. # 32-33));

2. Plaintiffs [sic] Amended Reply and Joinder in Motion to Dismiss Any Claims that May be Derivitive [sic] Claims of Shareholders or the Debtors Against Blackhill Partners LLC, James Latimer III, mark Lipscomb and Charles Beckham and Cross Motion to Mandatorily Abstain from Remainder of New York State Actions for Lack of Jurisdiction and for recusal by Judge Ronald King, filed January 18, 2011 (B:9 (Dkt. # 42-43)); and

3. Plaintiff [sic] Opposition to Motion to Dismiss by Bob Rasmus and/or Any Other Defendants and Cross Motion to Mandatorily Abstain from New York State Actions for Lack of Jurisdiction and Recusal by Judge Ronald King and Resignation of Conflicted Attorneys for Bob Rasmus and Authur Michelson; and Joinder in Beckham's Motion for Continuance and Motion to Bar Any Further Expenditure of Estate Assets on Non-Debtor Suits Pending Determination of Western District of Texas District Court Appeal of Bankruptcy Court's Denial of Disgorgement Motion Against Haynes & Boone and Blackhill Partners, filed February 7, 2011 (AP:24-26 (Dkt. # 48-50); AP:27 (Dkt. # 52)).[5]

The bankruptcy court entered eight orders that denied all of the relief Appellants sought in these motions, including the seven Interlocutory Orders. AP:8-15 (Dkt. # 71-78.)[6]  Appellants

---

[5] The bankruptcy court entered each of these motions on the Adversary Proceeding docket multiple times to reflect the separate requests for relief contained within each mass pleading.  See docket entry text in the Adversary Proceeding for entries # 32, 42, and 48 (mandatory abstention); # 33, 43, and 49 (recusal); and # 52 (injunction prohibiting expenditure of estate assets).

[6] This motion to dismiss does not address the portion of Appellants' February 7, 2011 motion that apparently seeks the resignation of counsel for certain other parties to the Adversary Proceeding or the bankruptcy court order

- 3 -

failed to seek leave of court to appeal from the Interlocutory Orders in a timely manner, and the appeal from the Interlocutory Orders should be dismissed.

> **1. Orders denying requests for mandatory abstention, recusal, and restraining orders are interlocutory orders.**

Bankruptcy court orders denying requests for abstention are interlocutory orders. *See In re Rupp & Bowman Co.*, 109 F.3d 237, 240 (5th Cir. 1997); *Chambers v. First United Bank & Trust Co.*, No. 4:08-mc-007, 2008 U.S. Dist. LEXIS 98473, at \*\* 2-3 (E.D. Tex. Dec. 4, 2008).

Similarly, a decision to deny a motion for recusal is not an appealable final order. *See In re Moerbe*, No. 03-57260-LMC, 2005 U.S. Dist. LEXIS 32468, at \*\* 8-9 (W.D. Tex. Sept. 1, 2005) (citing *In re Am. Ready Mix*, 14 F.3d 1497, 1499 (10th Cir. 1994)); *see also In re Schweitzer*, No. 07-4036, 2007 U.S. Dist. LEXIS 75033, at \*\* 2-3 (E.D. La. Oct. 9, 2007) (collecting Fifth Circuit opinions).

Finally, the bankruptcy court's denial of Appellants' request that "Blackhill Partners and Haynes & Boone [] be restrained from spending any additional estate moneys on this matter"[7] is not a final appealable order. *See In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990) (temporary restraining order).

> **2. Appellants did not seek leave to appeal from the Interlocutory Orders.**

Under 28 U.S.C. § 158(a)(3), leave of the district court is required to establish jurisdiction over an appeal from an interlocutory bankruptcy court order. Rule 8003(a) of the

---

denying that relief. *See* docket entry text in the Adversary Proceeding for entry # 50; *see also* AP:14 (Dkt. # 77) (order denying relief requested in AP:26 (Dkt. # 50)). The Interlocutory Orders deny Appellants' requests for mandatory abstention (AP:8 (Dkt. # 71), AP:10 (Dkt. # 73), and AP:12 (Dkt. # 75)); recusal (AP:9 (Dkt. # 72), AP:11 (Dkt. # 74), and AP:13 (Dkt. # 76)); and an order restraining certain parties from expending of estate assets (AP:15 (Dkt. # 78)).

[7] *See* Appellants' February 7, 2011 motion. AP:24 at 9 (Dkt. # 48). Appellants' request that certain parties' counsel be "restrained" is vague, does not specify the relief sought or the basis therefore, and contains no citation to any record or authority. *Id.* Based on the wording of Appellants' request, Beckham can only assume that the request was for a restraining order. *Id.*

Federal Rules of Bankruptcy Procedure provides that a motion for leave to appeal under 28 U.S.C. § 158(a) shall contain:

1. a statement of the facts necessary to an understanding of the questions to be presented by the appeal;

2. a statement of those questions and of the relief sought;

3. a statement of the reasons why an appeal should be granted; and

4. a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Further, Rule 8003(c) provides that, [u]nless an order directing that a motion for leave to appeal be filed provides otherwise, **the motion shall be filed within 14 days of entry of the order.**" *See* FED. R. BANKR. P. 8003(c) (emphasis added).

The bankruptcy court entered the Interlocutory Orders on February 24, 2011. AP:8-13 (Dkt. # 71-76), AP:15 (Dkt. # 78). Appellants' deadline to file a motion for leave to appeal from the Interlocutory Orders was March 10, 2011. Appellants did not file a motion for leave. Thus, the appeal from the Interlocutory Orders should be dismissed.

**3.     Appellants cannot meet the standard required for an interlocutory appeal.**

Appellants would not be able to meet the requirements for this Court to hear their interlocutory appeal even if they had timely requested leave. In determining whether to hear an interlocutory appeal under 28 U.S.C. § 158(c)(3), courts generally apply the standard provided under 28 U.S.C. § 1292(b) for appeals of interlocutory district court orders to the circuit courts. *See In re Moerbe*, 2005 U.S. Dist. LEXIS 32468, at ** 8-9; *see also In re Denar Restaurants, LLC*, No. 4:09-cv-616, 2010 U.S. Dist. LEXIS 3317, ** 35-36 (N.D. Tex. Jan. 14, 2010) (citing *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991)). Section 1292(b), in turn, requires an appellant seeking to appeal from an interlocutory order to show that (i) the

interlocutory order involves a controlling question of law; (ii) the question is one as to which there is a substantial ground for difference of opinion, and (iii) the immediate appeal will materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).

Appellants have not and cannot meet any of these requirements regarding the Interlocutory Orders.  *First*, none of the Interlocutory Orders involve a controlling question of law.  A controlling question of law is one that "'has the potential for substantially accelerating the disposition of the litigation and does not concern matters that are entrusted to the discretion of the bankruptcy court.'"  *In re Moerbe*, 2005 U.S. Dist. LEXIS 32468, at ** 8-9 (quoting *In re Aquatic Dev. Group, Inc.*, 196 B.R. 666, 669 (S.D.N.Y. 1996)).  Appellants' requests would not in any way accelerate this litigation and would instead extend Appellants' questionable lawsuit.  *Second*, the Interlocutory Orders involve the routine application of well-settled law regarding abstention, recusal, and restraining orders on which there are no grounds for substantial differences of opinion.  *Third*, as noted above, granting the Interlocutory Orders would not advance the ultimate termination of this litigation.  Rather, abstention of the bankruptcy court or recusal by the bankruptcy court judge would only extend this litigation.  Accordingly, the appeals of the Interlocutory Orders should be dismissed.

## CONCLUSION

Charles A. Beckham, Jr. respectfully requests that the Court dismiss the appeal from the Beckham Dismissal Order (AP:2 (Dkt. # 58)) and the Interlocutory Orders (AP:8-13 (Dkt. # 71-76), AP:15 (Dkt. # 78)).

Respectfully submitted,

HAYNES AND BOONE, LLP

  /s/ Mark Trachtenberg
Mark Trachtenberg
Texas Bar No. 24008169
1221 McKinney, Suite 2100
Houston, Texas  77010
Telephone: (713) 547-2000
Telecopier: (713) 547-2600
Email: mark.trachtenberg@haynesboone.com

– and –

Marty L. Brimmage, Jr.
Texas Bar No. 00793386
Charles M. Jones II
Texas Bar No. 24054941
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5073
Facsimile: (214) 200-0669
Email: marty.brimmage@haynesboone.com
Email: charlie.jones@haynesboone.com

**COUNSEL FOR APPELLEE
CHARLES A. BECKHAM, JR.**

## CERTIFICATE OF SERVICE

I certify that on this 28th day of April, 2011, a true and correct copy of this motion was served (i) via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the Western District of Texas, and (ii) via the other methods indicated below.

| | |
|---|---|
| Jessica M. Sokol<br>1430 Broadway, Suite 1509<br>New York, New York 10018<br>jessicasokol@gmail.com | *Via email and U.S. mail* |
| Israel Grossman<br>508 Avenue L<br>Brooklyn, New York 11230<br>psol@verizon.net<br>sarah.pts@verizon.net | *Via email and U.S. mail* |
| Eric Fryar<br>FRYAR LAW FIRM, P.C.<br>1001 Texas Ave., 14th Floor<br>Houston, Texas 77002<br>eric@fryarlawfirm.com | *Via email and U.S. mail* |

        */s/ Mark Trachtenberg*
        Mark Trachtenberg

D-1949496.3